IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FONDA PORTER | * | |
| | * | |
| v. | * | Civil Action No. CCB-21-1221 |
| | * | |
| RICHARD ROHRMAN, *et al.*, | * | |

*********

## MEMORANDUM

Plaintiff Fonda Porter, representing herself, has filed suit against New Community Corp., Richard Rohrman, and Richard Cammarieri, asserting diversity jurisdiction as she is a resident of Maryland and the defendants are alleged to be residents of New Jersey. (ECF 1). The defendants have filed a motion to dismiss, explaining that none of them have been properly served and that this court lacks personal jurisdiction over them. (ECF 14). Ms. Porter has responded. (ECF 22).

It is clear that none of the defendants have been properly served; rather the complaint apparently was left with a security officer at the front desk of the building where New Community Corporation is located. Ms. Porter requested additional time to complete service (ECF 22 at 1), and the court would grant the request, but proper service does not solve the problem of jurisdiction.

Ms. Porter' complaint appears to relate to the repossession of her 2017 Nissan motor vehicle. She accuses the "Defendant" of crossing state lines to commit identity theft and states that documents were signed and submitted to defraud the Maryland Department of Motor Vehicles "which placed defendant as a lien holder" of the vehicle. (ECF 1 at 1-2).[1] But there is nothing in the complaint or in Ms. Porter's response that sets forth facts showing any specific actions by any of the defendants that would satisfy any section of Maryland's long-arm statute or otherwise make the exercise of

---

[1] In their motion, the defendants suggest that it was the plaintiff's credit union that repossessed the vehicle. (ECF 14-1 at 11 n.2).

jurisdiction by this court consistent with the Due Process clause of the Constitution.[2] Merely asserting that the defendants crossed state lines is not sufficient to make a prima facie showing of personal jurisdiction, as is the plaintiff's burden. *Consulting Engineers Corp v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009); *Lewis v. Willough at Naples*, 311 F. Supp. 3d 731, 735 (D. Md. 2018); *Aphena Pharma Solutions-Maryland LLC v. BioZone Labs*, 912 F. Supp. 2d 309, 315–17 (D. Md. 2012).

Accordingly, the complaint will be dismissed without prejudice for improper service and for lack of personal jurisdiction. A separate Order follows.

   1/20/22  
Date

/S/  
Catherine C. Blake  
United States District Judge

---

[2] As Ms. Porter is representing herself, the court does not necessarily expect her to identify a statutory section by number, but she must at least allege conduct that would fall within one of the long-arm statute's provisions.